IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MICHAEL WALKER, | ) | CIV. NO. 23-00232 SOM-WRP |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED BASED ON JURISDICTION OR VENUE ISSUES |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED BASED ON JURISDICTION OR VENUE ISSUES**

I.      BACKGROUND.

On February 10, 2020, this court sentenced Michael Walker to 35 years in prison and $8,503.28 of restitution. *United States v. Walker*, Crim. No. 19-00136, ECF No. 14.  At the time of sentencing, this court explained that the restitution judgment "cannot technically run as a joint and several restitution obligation with [Walker's co-defendant] . . . [b]ut it is a single restitution amount . . . and as one [co-defendant] makes a payment that will reduce what the other owes." *Id*. at ECF No. 24, PageID # 326.  Although Walker and his co-defendant owe money on "a single restitution amount," Walker says the Bureau of Prisons ("BOP") will not tell him whether payments from his co-defendant have reduced his overall balance.  ECF No. 1.[1]

---

[1] Unless otherwise noted, all Electronic Case File citations in this order refer to the docket in Civ. No. 23-00232-SOM-WRP.

This court construes Walker's filing as seeking an order under 28 U.S.C. § 2241 requiring the BOP to change how it administers his restitution sentence so that he can see a balance on his restitution judgment that reflects both his payments and those of his co-defendant. *See United States v. Walker*, Crim. No. 19-00136, ECF Nos. 27, 28.[2]

**II.      JURISDICTION.**

Before addressing the merits of Walker's petition, the court must determine whether it has jurisdiction. *See Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) ("Federal courts are always 'under an independent obligation to examine their own jurisdiction'") (*quoting FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (*overruled on other grounds by City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774 (2004))); *see also* 28 U.S.C. § 2241 ("Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions.").

---

[2] Walker also requests that the court reduce his restitution judgment from $8,503.28 to $4,251.64. *See* ECF No. 1. The court is not aware of any authority it has to modify the original restitution judgment at this time. If Walker believes such authority exists, he should address it in his response to the present order. The court notes that Walker incorrectly assumes that this court intended that he pay half of the restitution total. The court's actual intent was that victims be made whole, without regard to whether Walker paid the entire restitution amount, his co-defendant paid the entire amount, or Walker and his co-defendant split the amount, not necessarily in equal shares.

A habeas petition challenging present physical confinement must be filed in the district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 444 (2004) ("In habeas challenges to *present* physical confinement . . . the district of confinement is *synonymous* with the district court that has territorial jurisdiction over the proper respondent.") (emphasis in original). Walker is imprisoned at FCI Petersburg Medium, making the district of his confinement the Eastern District of Virginia. If Walker's petition challenged his present physical confinement, the petition would have had to have been filed there.

However, Walker's petition does not challenge his present physical confinement. *See, e.g.*, *Norwood v. Williams*, No. 3:17CV1636, 2018 WL 340022, at *1 (D. Conn. Jan. 9, 2018) (ruling that a challenge to a lien placed on an inmate trust fund is not a challenge to present physical confinement and need not be filed in the district of confinement). A petition challenging something other than present physical custody may be filed in a district other than the district of confinement. *See Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 495 (1973) (approving the petitioner's filing of a § 2241 petition in the Western District of Kentucky even though he was incarcerated in Alabama). Such a petition can be filed in any court that has

3

jurisdiction over the respondent and is a proper venue according to traditional principles of venue.

That being said, Walker has not yet provided the court with sufficient information to determine whether this court may adjudicate his request. The court cannot assess whether it has personal jurisdiction over any respondent until it can tell whether Walker has identified a proper respondent.[3] As concerns venue, the court also needs to know where the material events took place, as well as the locations of the witnesses and records pertinent to Walker's challenge. *See Braden*, 410 U.S. at 500 (noting that traditional principles of venue dictate the proper venue for habeas petitions challenging something other than present physical confinement); *see also Guadalupe-Salazar v.*

---

[3] Because Walker's § 2241 petition began as a motion in a criminal case, the only parties in this civil case are Michael Walker and the United States of America. However, the United States of America is certainly not the appropriate respondent for Walker's § 2241 petition. *See Rumsfeld*, 542 U.S. at 434 ("The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'") (*quoting* 28 U.S.C. § 2242)). In cases challenging present physical confinement in a prison, the warden is the proper respondent. *Id*. at 435. In other cases, the proper respondent may be a person or entity other than the warden. *See, e.g.*, *United States v. Arthur*, 367 F.3d 119, 122 (2d Cir. 2004) (identifying the officials who administer the bail system as the proper respondents); *United States v. Dohrmann*, 36 F. App'x 879, 881 (9th Cir. 2002) ("Because Dohrmann was on supervised release when he filed his motion, the relevant custodian is his supervised release administrator."). For purposes of this case, Walker must identify "the entity or person who exercises legal control with respect to the challenged custody," which in this case is administration of the restitution judgment. *Rumsfeld*, 542 U.S. at 438 (2004).

*Napolitano*, No. C 10-01173, 2010 WL 2640471, at *2 (N.D. Cal. June 30, 2010) (describing the factors relevant to choice of venue).  The court needs this additional information from Walker before it can determine whether it may proceed to the merits of his challenge.

### III.     CONCLUSION.

The court orders Walker to show cause why this case should not be dismissed based on jurisdictional or venue issues.  By June 21, 2023, Walker should file a response to this order totaling no more than 10 pages.  In his response, he should identify the proper respondent for his challenge and articulate how the court has personal jurisdiction over the respondent.  He should also discuss why the facts underlying his request make this court a proper adjudicator of his complaint.  Thus, for example, he might tell the court whether he considers BOP officials in Virginia to be at fault, as opposed to BOP leaders in Washington D.C.  The court questions whether anyone in Hawaii is responsible for what Walker raises as a problem.

Once Walker files his response, the court will determine whether the respondent must be given an opportunity to respond.  If Walker does not file a brief by the deadline, the court will dismiss this case.  If the court dismisses Walker's case, Walker will remain free to file his petition in another federal court.  That is, Walker may decide to file no response to

this order and to thereby let this matter in Hawaii end, while still preserving his opportunity to seek relief in another court. In so stating, this court is in no way indicating that there is or is not any merit to Walker's complaint.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, May 31, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Michael Walker v. United States of America*, Civ No. 23-00232 SOM-WRP; ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED BASED ON JURISDICTION OR VENUE ISSUES.